**The below described is SIGNED.**

**Dated: May 07, 2009**

_____

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>C.W. MINING COMPANY, *dba* Co-Op Mining Company,<br><br>                              Debtor. | Bankruptcy Number: 08-20105<br><br>Chapter 7 |
| KENNETH A. RUSHTON, Chapter 7 Trustee,<br><br>                              Plaintiff,<br><br>v.<br><br>HIAWATHA COAL COMPANY, INC.,<br><br>                              Defendant. | Adversary Proceeding No. 08-2338<br><br>Judge Judith A. Boulden |

**MEMORANDUM DECISION DENYING HIAWATHA COAL COMPANY, INC.'S RULE 19 MOTION TO COMPEL JOINDER OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

Before the Court is Hiawatha Coal Company, Inc.'s Rule 19 Motion to Compel Joinder or, in the Alternative, Motion to Dismiss (Motion) seeking joinder of several persons allegedly required to be joined or, in the alternative, seeking dismissal of the above-captioned adversary proceeding for failure to join indispensable parties. The Chapter 7 Trustee, plaintiff in this

action, filed a Response to the Motion. The Court took oral argument on the Motion at a hearing on May 1, 2009, and then took the matter under advisement. The Court has thoroughly reviewed the pleadings, considered the arguments of counsel, and conducted an independent inquiry into applicable case law. Now being fully advised, the Court hereby issues the following Memorandum Decision.

## I. FACTS

As set forth in the Motion and as discussed by the Court in its Amended Memorandum Decision Denying COP Coal Development Company's Motion to Require the Trustee to Assume or Reject Lease, and Granting Trustee's Motion to Extend Time for Trustee to Assume or Reject Executory Contracts or Unexpired Leases of the Debtor (Amended Memorandum Decision) entered in the main bankruptcy case on April 23, 2009, Hiawatha allegedly purchased certain of the Debtor's assets and assumed certain secured obligations owed to Bank of Utah, ABM, Inc. (ABM), Security Funding, Inc. (Security Funding), Standard Industries, Inc. (Standard Industries) and World Enterprises during the "gap period" between the involuntary petition filing on January 8, 2008 and entry of the order for relief on September 17, 2008. The Motion also alleges that, as part of its June 24, 2008 Purchase and Sale Agreement with the Debtor, Hiawatha agreed to pay obligations owed to mining equipment lessor A-Fab Engineering, Inc. (A-Fab Engineering) and to assume liability arising from the reclamation bond issued by Lyndon/Cumberland. C.O.P. Coal Development Company (COP) owns the land on which the Bear Canyon Mine is located and is allegedly party to three separate lease agreements granting parties the right to mine — the 1997 Coal Operating Agreement between COP and the Debtor; the January 6, 2008 operating agreement between COP and the Debtor; and the June 24, 2008 operating agreement between

COP and Hiawatha. Joseph O. Kingston and Rachel Young, by some mechanism, allow Hiawatha to use water to facilitate the Bear Canyon Mine's operations.[1]

## II. DISCUSSION

Federal Rule of Civil Procedure 19, incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7019, requires the Court to undertake a two-step analysis. "The [C]ourt must first determine under Rule 19(a) whether the party is [required] to the suit and must therefore be joined if joinder is feasible. If the absent party is [required] but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed."[2]

A person who is subject to service of process and whose joinder will not deprive the Court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the Court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[3]

The "interest" described by Rule 19 "must be legally protected, not merely a financial interest or interest of convenience. The absentee must have a direct stake in the pending

---

[1] Hiawatha characterizes Joseph O. Kingston and Rachel Young as lessors of water rights, but the Court has not yet determined whether Mr. Kingston and Ms. Young are parties to a written lease or merely some kind of oral arrangement. As Hiawatha correctly notes, the Court has also not yet finally determined whether other sources of water exist for the Bear Canyon Mine's operations although some evidence to that effect has been presented as noted in the Amended Memorandum Decision.

[2] *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

[3] Fed. R. Civ. P. 19(a).

litigation; an interest in related subject matter is not sufficient to be defined as a [required] party."[4] Also, Rule 19's indispensability standards "are to be applied in a practical and pragmatic but equitable manner. . . . The moving party has the burden of persuasion in arguing for dismissal."[5]

This adversary proceeding is brought by the Trustee solely under §§ 549 and 550 of the Bankruptcy Code to avoid and recover all of the Debtor's property that was transferred to Hiawatha under the Purchase and Sale Agreement during the "gap period," or the value thereof. In this adversary proceeding, Hiawatha alleges four groups of persons that must be joined: (1) COP; (2) Lyndon/Cumberland; (3) Joseph O. Kingston and Rachel Young; and (4) ABM, A-Fab Engineering, Security Funding, Standard Industries, and World Enterprises.[6] The Court will examine each of these groups in turn.

**A.    COP**

Hiawatha indicated its belief at the hearing that its strongest argument for joinder runs in favor of COP. As indicated earlier, COP is the owner/lessor of the property upon which the Bear Canyon Mine is located, and it is these interests that Hiawatha argues in support of the Motion to join COP. The Trustee's point is well taken, however, that "this adversary proceeding does not arise in a procedural vacuum." COP was held in contempt of court for several violations of the automatic stay, including "[a]ll actions taken by COP Coal to terminate [the Debtor's] long-term 1997 Operating Agreement after the petition date" which were "adjudged and declared to be null

---

[4] *Old Colony Ventures I, Inc. V. SMWNPF Holdings, Inc.*, 968 F.Supp. 1422, 1430 (D. Kan. 1997) (internal quotes omitted).

[5] *Rishell*, 94 F.3d at 1411 (internal quotes and citations omitted).

[6] At the hearing, Hiawatha orally withdrew its joinder request as to the Utah Division of Oil, Gas and Mining. Also, Bank of Utah is not one of the persons that Hiawatha ever asked to be joined.

and void and of no force and effect and as such the 1997 Operating Agreement was not terminated by COP Coal after the petition date and remains a valid agreement between the parties."[7] The Court held further proceedings on the issue of COP's contempt of court and then revisited the issue of the 1997 Operating Agreement in its Amended Memorandum Decision after several days of evidence and argument. Again, the Court ruled on the validity of the 1997 Operating Agreement to the exclusion of other mine leases that COP allegedly entered into with either the Debtor or Hiawatha. COP has had ample opportunity to present evidence and argue for its positions with respect to the 1997 Operating Agreement, which the Court has rejected. And as for the royalties that COP receives from the mine operator, the issue of whether Hiawatha or the Debtor's estate will be paying those royalties does not give rise to a sufficient interest to require joinder under Rule 19.

There are other reasons for finding that COP is not a required party to this adversary proceeding. First, the Tenth Circuit has recognized that "the prejudice to the relevant party's interest may be minimized if the absent party is adequately represented in the suit,"[8] and Hiawatha admitted that it would be vigorously arguing for the validity of the June 24, 2008 operating agreement between COP and Hiawatha in this adversary proceeding. Second, COP commenced its own adversary proceeding against the Trustee asserting 29 claims for relief, many of which cover the same ground being argued by Hiawatha in this adversary proceeding; COP, however, chose to dismiss that action of its own accord.

---

[7] Order of Civil Contempt Against Standard Industries, Inc. and C.O.P. Coal Development Company for Violations of the Automatic Stay, ¶ 9 (Docket No. 98 in Case No. 08-20105).

[8] *Rishell*, 94 F.3d at 1411 (internal quotes and citations omitted).

Finally, and perhaps most importantly, it must be remembered that this adversary proceeding is an action under § 549 to recover "gap period" transfers from the Debtor to Hiawatha. The Debtor and Hiawatha are the only parties to the Purchase and Sale Agreement that effected those transfers, and the Trustee is merely attempting to recover the transferred property or its value from Hiawatha under § 550 as the immediate transferee. COP may well be "interested" in the outcome of this action in the lay sense, but it has neither "a direct stake" nor any other sufficient legally protected interest that requires its joinder. Complete relief can be accorded to the existing parties to the action — either the transfers to Hiawatha are avoided or they are not — and there is no "substantial risk [of Hiawatha] incurring double, multiple, or otherwise inconsistent obligations because of the interest."[9] Accordingly, the Motion with respect to COP is DENIED.

**B.    Lyndon/Cumberland**

Outside of the factual background in the Motion's supporting memorandum, the only mention of Lyndon/Cumberland is in page 8 of that memorandum. There is no further argument in the memorandum for Lyndon/Cumberland's joinder, nor was Lyndon/Cumberland's joinder argued at the hearing. Accordingly, the Court deems that Hiawatha has waived its joinder argument with respect to Lyndon/Cumberland, and that aspect of the Motion is DENIED.

---

[9]    Hiawatha's argument on this last point is difficult to articulate, but it appears to involve potential litigation between Hiawatha and COP, and/or between Hiawatha and the various secured creditors for whose joinder Hiawatha also argues, involving the Purchase and Sale Agreement and the June 24, 2008 operating agreement between Hiawatha and COP. Assuming the estate's rights *vis-à-vis* COP and Hiawatha were resolved by the Court, leaving only disputes between Hiawatha and COP, it is unclear what the scope of the Court's jurisdiction would be to resolve any such disputes. But at any rate, "[t]he key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria." *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001) (internal quotes omitted). Hiawatha has simply failed to meet its burden even to show the potential for future litigation, let alone a "substantial risk" of Rule 19(a)(1)(B)(ii)'s undesirable outcomes.

C.  **Joseph O. Kingston and Rachel Young**

Hiawatha's argument regarding Joseph O. Kingston and Rachel Young relates to the fact that they allow the use of water to Hiawatha to facilitate the Bear Canyon Mine's operations. As the Court indicated in its Amended Memorandum Decision, questions involving the Trustee's ability to assume and assign the 1997 Operating Agreement — including the nature of Mr. Kingston and Ms. Young's arrangement with Hiawatha and the existence of other sources of water — are appropriately resolved if and when the Trustee decides to assume that Agreement. The issue under § 549(b) is the exchange of value between Hiawatha and the Debtor, and there is simply no basis for joining Joseph O. Kingston or Rachel Young in this avoidance action because of their tangential interests in certain water rights. Accordingly, the Motion with respect to Joseph O. Kingston and Rachel Young is DENIED.

D.  **ABM, A-Fab Engineering, Security Funding, Standard Industries, and World Enterprises**

Finally, Hiawatha alleges that each of ABM, A-Fab Engineering, Security Funding, Standard Industries, and World Enterprises must be joined in this action "as a party to a contract with Debtor or Hiawatha. . . . In the event Hiawatha is eventually determined not to have the right to operate the Bear Canyon Mine, the obligations that Hiawatha has to its creditors will doubtlessly be impeded or impaired in that Hiawatha will have no way to service these debts, and from the standpoint of the creditors, they will not be able to protect those interests because their rights will not have been considered in this litigation." As with COP, however, the assertions with respect to these persons are too speculative to support a finding of "substantial risk" that Hiawatha would be subject to the undesirable outcomes in Rule 19(b)(1)(B)(ii). There is little question that the outcome of this adversary proceeding will have significant consequences no

matter how it is resolved, but every possible consequence does not give rise to the required joinder of a person who might be affected and inter-creditor disputes not affecting the estate are often outside the purview of this Court. The "financial interests or interests of convenience" of these persons do not make them required parties, and complete relief can certainly be accorded in their absence. Accordingly, the Motion with respect to ABM, A-Fab Engineering, Security Funding, Standard Industries, and World Enterprises is DENIED.

### III.  CONCLUSION

For the reasons stated above, the Court finds that none of the persons alleged by Hiawatha are "required parties" to this avoidance action under Rule 19(a)(1). Accordingly, the Motion is DENIED. The Court will issue an accompanying Order to this effect.

---------------------------------------------END OF DOCUMENT---------------------------------------------

_____ooo0ooo_____
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING HIAWATHA COAL COMPANY, INC.'S RULE 19 MOTION TO COMPEL JOINDER OR, IN THE ALTERNATIVE, MOTION TO DISMISS** will be effected through the Bankruptcy Noticing Center to each party listed below.


Michael N. Zundel
James C. Swindler
Andrew B. Clawson
**Prince Yeates & Geldzahler**
City Center 1, Suite 900
175 East 400 South
Salt Lake City, UT 84111
    *Counsel for Plaintiff*

Peter W. Guyon
**The Law Office of Peter W. Guyon, P.C.**
614 Newhouse Building
10 Exchange Place
Salt Lake City, UT 84111
    *Counsel for Defendant*